IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| VINCENTE JAVIER ROMERO-CASTRO | § | |
| | § | |
| v. | § | 2:08-CV-0200 |
| | § | |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION**
**TO DENY MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Defendant ROMERO-CASTRO has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. For the reasons set forth below, the undersigned Magistrate Judge is of the opinion defendant is not entitled to relief and recommends the motion to vacate, set aside or correct sentence be DENIED.

I.
PROCEDURAL HISTORY

On January 9, 1998, defendant was charged by indictment in the Northern District of Texas, Amarillo Division, with the offense of illegal reentry after deportation in violation of 8 U.S.C. §§ 1326(a)(1).[1] *United States v. Romero-Castro*, Cause No. 2:08-CR-0001. The indictment alleged, for purposes of sentence enhancement, that the defendant's deportation was subsequent to a conviction for commission of an aggravated felony. *See* 8 U.S.C. § 1326(b)(2).[2]

---

[1]Subsection 1326(a) makes it a crime for a deported alien to return to the United States without special permission and authorizes a maximum prison term of two years. The indictment alleged defendant committed this offense on December 10, 2007.

[2]Subsection(b)(2) authorizes a maximum prison term of 20 years for an alien whose deportation was subsequent to a conviction for commission of an aggravated felony.

On February 19, 2008, in a Superseding Indictment, defendant was again charged with the offense of illegal reentry, however, for purposes of sentence enhancement, it was alleged that petitioner illegally re-entered the United States after being removed subsequent to a conviction for commission of a felony under 8 U.S.C. §§ 1326(b)(1)[3] rather than an aggravated felony under section 1326(b)(2). Specifically, it was alleged defendant:

> [W]ho had been previously denied admission, excluded, deported and removed from the United States on or about September 22, 2006, at or near San Antonio, Texas, and after having been convicted of a felony, was found in the United States unlawfully, that is, he did not, prior to his re-entry into the United States after being deported, removed and excluded, obtain the consent of the Attorney General of the United States and his successor, the Secretary for Homeland Security, to reapply for admission into the United States.

On March 7, 2008, defendant, pursuant to a plea agreement, entered a plea of guilty to the Superseding Indictment. On that same date, defendant swore the following facts were true and correct:

> Record checks revealed that Romero-Castro has been formally removed to Honduras and/or Mexico on at least three occasions, the last formal removal occurring May 2, 2007 through Progresso, Texas. On May 3, 1999, he had been convicted of narcotics offenses in Long Beach, California and was sentenced to 36 months probation and 180 days jail time. Records checks show no application for lawful re-entry into the United States.

*Factual Resume*, at 2. The United States District Judge, after inquiring into the factual basis for the charge and defendant's plea to the charge, accepted defendant's guilty plea and found defendant guilty of the charged offense.

In the Presentence Report prepared April 11, 2008, defendant was assessed 8 points as the base offense level for the violation of 8 U.S.C. § 1326. Under paragraph 19 entitled *Specific Offense Characteristic*, defendant was given an additional 4 points under USSG § 2L1.2(b)(1)(D)

---

[3] Subsection (b)(1) authorizes a maximum prison term of 10 years for an alien whose deportation was subsequent to a conviction for commission of a non-aggravated felony.

with the following explanation:

> [I]f the defendant was previously deported or unlawfully remained in the United States after a conviction for a felony, increase by 4 levels. The defendant was convicted of Sale/Transportation/Offer to Sell Controlled Substance, Case No. NA039974, on May 3, 1999, in Long Beach Superior Court, Los Angeles, California.

After a 2-point reduction for a clear demonstration of acceptance of responsibility, defendant's Total Offense Level was calculated at 10 points. In an Amended Presentence Report, defendant's total criminal history score was calculated at a 9 resulting in a Criminal History Category of IV which, together with the Total Offense Level of 10, resulted in a guideline range of imprisonment of 15 to 21 months.[4]

On May 21, 2008, the United States District Judge gave notice that the Court was considering the imposition of a sentence representing an upward departure from the advisory guideline range because the guidelines did not adequately reflect the seriousness of defendant's offense. On May 23, 2008, the District Judge sentenced defendant to 36 months confinement.[5] Defendant was also assessed a 3-year term of supervised release, and a $100.00 special assessment.

On May 30, 2008, defendant filed a notice of appeal challenging his conviction and sentence. On September 8, 2008, counsel for defendant filed an *Anders* brief with the Fifth Circuit Court of Appeals, and sought to withdraw as counsel. Defendant did not file a pro se response but, instead, filed a pro se motion to dismiss his appeal. On September 25, 2008, the Fifth Circuit dismissed defendant's appeal pursuant to his motion.

---

[4] The original Presentence Report propounded a Guideline Range of 21 to 27 months imprisonment based on a criminal history category of V and a total offense level of 10 (derived after allowing a 2-point reduction for acceptance of responsibility).

[5] The District Judge noted the sentence imposed was above the advisory guideline range because of the nature and circumstances of the offense and the history and characteristics of the defendant, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct.

On November 6, 2008, defendant filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

## II.
## DEFENDANT'S ALLEGATIONS

In his motion to vacate, defendant appears to present the following claims:

1. Defendant was denied effective assistance of counsel because counsel failed to object to:

   A. the 4-point enhancement in the *Offense Level Computations* of the Presentence Report for defendant having been previously deported after a conviction for a felony;

   B. the indictment charging defendant with the enhanced criminal penalty for reentry of a removed alien under 8 U.S.C. § 1326(b)(1) which increased the maximum sentence for reentry of removed aliens from two (2) years to ten (10) years; and

   C. defendant receiving a 3-year sentence when an offense for 8 U.S.C. § 1326(a)(1) carries a maximum sentence of two (2) years.

## III.
## WAIVER

Defendant ROMERO-CASTRO was represented by counsel, and appealed his conviction and sentence. On appeal, counsel for defendant filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) referring to issues in the record that might arguably support the appeal but concluding that, after a conscientious examination of defendant's case, there were no non-frivolous issues for appeal. Consequently, appellate counsel requested permission to withdraw. Defendant was provided a copy of counsel's brief and was allowed the opportunity to file a *pro se* brief raising any points he wished to raise on appeal. Rather than raise any issue regarding whether he had previously been convicted of a felony and/or whether the 36-month sentence exceeded the

statutory minimum, defendant chose not to raise any issues on appeal.  Instead, he filed a *pro se* motion to dismiss his appeal, which the Fifth Circuit granted.  Although defendant might not necessarily have been able to raise claims of ineffective assistance of counsel on direct appeal,[6] he certainly could have raised the underlying charging and sentencing errors he attributes to trial counsel and which claims he contends constitute the basis of trial counsel's alleged deficient performance.  Consequently, a substantial question exists as to whether defendant waived the claims he now asserts as the underlying bases of counsel's ineffectiveness.  Rather than address and find waiver, the undersigned has addressed the merits of defendant's claims.

### IV.
### MERITS

The proper standard for judging a defendant's contention that he is entitled to relief on the ground that his trial counsel rendered ineffective assistance is enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Under the *Strickland* standard, a defendant must show defense counsel's performance was deficient.  This requires showing counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution.  In order to amount to ineffective assistance of counsel, counsel's performance must have fallen below an objective standard of reasonableness as determined by the norms of the profession.  Counsel's performance is reviewed from counsel's perspective at the time of trial, not from hindsight.  *Id.* at 689.  A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption that counsel's performance

---

[6] It is the general rule that claims of ineffective assistance of counsel cannot be resolved on direct appeal, *see United States v. Cantwell*, 470 F.3d 1087, 1091 (2006), and that a post-conviction motion pursuant to 28 U.S.C. § 2255 is the appropriate vehicle for claims of trial counsel's ineffectiveness.  *Massaro v. United States*, 538 U.S. 500, 504–06, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

falls within the wide range of reasonable professional assistance. *Id.*

A defendant must also show counsel's deficient performance prejudiced the defense. To establish this prong, defendant must show counsel's errors were so serious as to deprive defendant of a fair trial. Specifically, defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different or that the errors were so serious as to deprive the defendant of a fair trial with a reliable result." *Id.* at 694.

### A. 4-Point Increase

Defendant initially argues counsel was ineffective for failing to object to the 4-point increase of the Base Offense Level of his charged offense for having been convicted of a felony prior to his deportation. Defendant maintains his prior California conviction used as the basis for the 4-point increase was actually a misdemeanor conviction rather than a felony conviction because it carried a maximum sentence of six (6) months, and thus could not be used to increase the base offense level.

Under USSG § 2L1.2(b)(1)(D), the base offense level of 8 is increased by 4 levels if a defendant was deported after a conviction for any felony other than certain felony convictions listed in (A), (B) or (C). For purposes of subsection (b)(1)(D), "felony" means any federal, state, or local offense punishable by imprisonment for a term exceeding one year. The complaint filed in Cause No. NA039974 out of the Long Beach Superior Court in *State v. Romero-Castro* shows defendant was charged with committing the felony offense of Sale/ Transportation/ Offer to Sell a Controlled Substance, in violation of California Health & Safety Code § 11352(a), and the felony offense of Possession For Sale of Cocaine Base, in violation of California Health & Safety Code § 11351.5. *See* Exhibit A. California law provides that punishment for the sale/transportation offense is imprisonment in the state prison for three, four, or five years. Cal. Health & Safety Code §

11352(a) (West 1999).  California law further provides that punishment for the possession offense is imprisonment in the state prison for two, three, or four years.  A felony is defined under California law as "a crime which is punishable . . . by imprisonment in the state prison."  Cal. Penal Code § 17(a) (West 1999).  As noted above, defendant averred, in his Factual Resume, that "[o]n May 3, 1999, he had been convicted of narcotics offenses in Long Beach, California and was sentenced to 36 months probation and 180 days jail time."  Under California law, "'probation' means the suspension of the imposition or execution of a sentence and the order of conditional and revocable release in the community under the supervision of a probation officer."  Cal. Penal Code § 1203(a) (West 1999).  Consequently, under California law, the facts before the Court at sentencing were that defendant was previously deported after being convicted of a felony, *i.e.*, a state offense punishable by imprisonment for a term exceeding one year.  Counsel was not deficient for failing to object to the 4-level increase of the base offense level which was proper under the guidelines.  In addition, defendant's deportation was also after his May 2, 2007 felony conviction for illegal re-entry in the United States District Court for the Southern District of Texas, McAllen Division.  This felony conviction could also have been used to justify the 4-level increase in defendant's base offense level and any objection on the part of counsel to the California conviction would not have resulted in the removal of the increase as defendant's other felony conviction could have been used to justify the increase.  Defendant's *Offense Level Computations* would have remained the same.

     Defendant presents nothing in support of his current contention that the California offense carried only a maximum sentence of six (6) months, or that the California conviction did not meet the definitional requirements of a felony under the sentencing guidelines.  Nor does defendant present anything to refute his sworn admission that he was previously convicted of the California

offense and sentenced to a 3-year probated sentence. Defendant has not demonstrated his base offense level was improperly increased by four points and or that counsel was ineffective for failing to object to the increase. Defendant's first ground should be DENIED.

### B. Charged Offense

Defendant also contends counsel was ineffective for failing to object to the indictment's allegation that the maximum criminal penalty for defendant's reentry offense should be increased under 8 U.S.C. § 1326(b)(1) from two (2) years to ten (10) years. Section 1326(b)(1) provided:

> (b)   Criminal penalties for reentry of certain removed aliens
>
> Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection –
>
> (1)   whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both.

Defendant appears to argue he did not fall within this criminal penalty category because his prior removals were not "subsequent to a conviction for commission of . . . a felony."

This issue has been addressed in part A. above, and is without merit. Defendant was deported after committing not one, but two, felonies. Counsel had no legitimate ground upon which to object to the indictment and/or maximum penalty of ten (10) years, and the failure to do so was not deficient. Defendant's claim of ineffective assistance of counsel under ground two is without merit.

### C. Sentence

Lastly, defendant argues counsel was ineffective for failing to object to defendant receiving a 3-year sentence when his offense for 8 U.S.C. §1326(a)(1) carried a maximum sentence of two (2)

years. While the base level offense of reentry of a removed alien typically carries a maximum 2-year sentence, defendant's prior removal was subsequent to his felony conviction and/or convictions. Consequently, under subsection (b)(1), defendant's maximum penalty was increased to ten (10) years. As discussed above, the elements necessary for the increased maximum sentence were squarely met. Counsel was not ineffective for failing to object to the 3-year sentence he received. Such sentence was less than the 10-year maximum sentence. Defendant's third ground should be denied.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by defendant VINCENTE JAVIER ROMERO-CASTRO be, in all things, DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE and NOTICE OF RIGHT TO OBJECT

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 27th day of October, 2011.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

# EXHIBIT A

## MUNICIPAL COURT OF LONG BEACH JUDICIAL DISTRICT
## COUNTY OF LOS ANGELES, STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br>v.<br>01 VICENTE JAVIER ROMERO (10/27/1973)<br>Defendant(s). | CASE NO. NA039974<br><br>*FELONY COMPLAINT* |

The undersigned is informed and believes that:

### COUNT 1

On or about March 5, 1999, in the County of Los Angeles, the crime of SALE/TRANSPORTATION/OFFER TO SELL CONTROLLED SUBSTANCE, in violation of HEALTH & SAFETY CODE SECTION 11352(a), a Felony, was committed by VICENTE JAVIER ROMERO, who did unlawfully transport, import into the State of California, sell, furnish, administer, and give away, and offer to transport, import into the State of California, sell, furnish, administer, and give away, and attempt to import into the State of California and transport a controlled substance, to wit, COCAINE BASE.

"NOTICE: Conviction of this offense will require you to register pursuant to Health and Safety Code section 11590. Failure to do so is a crime pursuant to Health and Safety Code section 11594."

* * * * *

## COUNT 2

On or about March 5, 1999, in the County of Los Angeles, the crime of POSSESSION FOR SALE OF COCAINE BASE, in violation of HEALTH & SAFETY CODE SECTION 11351.5, a Felony, was committed by VICENTE JAVIER ROMERO, who did unlawfully possess for sale and purchase for purposes of sale cocaine base.

"NOTICE: Conviction of this offense will require you to register pursuant to Health and Safety Code section 11590. Failure to do so is a crime pursuant to Health and Safety Code section 11594."

* * * * *

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS COMPLAINT, CASE NUMBER NA039974, CONSISTS OF 2 COUNT(S).

Executed at LONG BEACH, County of Los Angeles, on March 9, 1999.

_____
DECLARANT AND COMPLAINANT

GIL GARCETTI, DISTRICT ATTORNEY

BY: _Diane Labrusciano_
DIANE LABRUSCIANO, DEPUTY

Rev. 900-1/99  DA Case 93159932          Page 2          Case No. NA039974
*FELONY COMPLAINT*

AGENCY: LONG BEACH PD     I/O: JOE VALENZUELA     ID NO.: 5247     PHONE: 310-570-7444
DR NO.: 990018040         OPERATOR: WY            PRELIM. TIME EST.: 30 MINUTE(S)

| DEFENDANT | CII NO. | DOB | BOOKING NO. | BAIL RECOM'D | CUSTODY RTN DATE |
|---|---|---|---|---|---|
| ROMERO, VICENTE JAVIER | 019012560 | 10/27/1973 | 5981652 | $60,000 | 3/9/1999 |

Pursuant to Penal Code Section 1054.5(b), the People are hereby informally requesting that defense counsel provide discovery to the People as required by Penal Code Section 1054.3.

### FELONY COMPLAINT – ORDER HOLDING TO ANSWER – P.C. SECTION 872

It appearing to me from the evidence presented that the following offense(s) has/have been committed and that there is sufficient cause to believe that the following defendant(s) guilty thereof, to wit:

*(Strike out or add as applicable)*

<u>VICENTE JAVIER ROMERO</u>

| Count No. | Charge | Charge Range | Special Allegation | Alleg. Effect |
|---|---|---|---|---|
| 1 | HS 11352(a) | 3-4-5 | | |
| 2 | HS 11351.5 | 3-4-5 | | |

I order that the defendant(s) be held to answer therefor and be admitted to bail in the sum of:

VICENTE JAVIER ROMERO _____ Dollars

and be committed to the custody of the Sheriff of Los Angeles County until such bail is given. Date of arraignment in Superior Court will be:

VICENTE JAVIER ROMERO _____ in Dept _____

at: _____ A.M.

Judge_____
to whom this case is assigned for all purposes.

Date: _____        _____
                                *Committing Magistrate*

Rev 900-1/99  DA Case 93159932          Page 4          Case No. NA039974
*FELONY COMPLAINT*